

*United States Attorney*
*Northern District of California*

---

*11ᵗʰ Floor, Federal Building*          *(415)436-7200*
*450 Golden Gate Ave., Box 36055*
*San Francisco, CA 94102-3495*          *FAX: (415)436-7234*

February 6, 2024

Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

      Re:   *United States v. Pangang Grp. Co., Ltd.*, C.A. No. 22-10058
             Argued and Submitted January 26, 2024
             Before Judges Wardlaw, Collins, and Bress

Dear Ms. Dwyer:

      This letter retracts one misstatement and clarifies one response by the government during oral argument on January 26.

      First, Judge Collins asked the government to respond to the defendants' suggestion that Count Two of the Third Superseding Indictment did not sufficiently allege commercial activity by failing to incorporate certain paragraphs by reference. The government responded by incorrectly stating that Count Two "incorporate[d] paragraphs 32 through 50," citing Excerpts of Record page 125. *See* https://www.ca9.uscourts.gov/media/video/?20240126/22-10058/, at 39:25–40:55. As the defendants' counsel correctly pointed out, the undersigned was inadvertently reading a prior indictment, not the operative Third Superseding Indictment. The government withdraws its statement, and the undersigned regrets the error.

      While there are many reasons why this new argument does not merit relief, because the defendants did not raise the matter until oral argument, it has been waived. *See, e.g.*, *United States v. Juvenile Male*, 670 F.3d 999, 1014–15 (9th Cir. 2012).

Second, the Court asked a series of questions comparing the Second Restatement's standard at Section 66(g) to the "organ" standard for an agency or instrumentality of a foreign state defined in Section 1603(b) of the Foreign Sovereign Immunities Act (FSIA). The government agreed that the standard at Section 66(g) of the Second Restatement and the definition in the FSIA share the "bedrock test of whether the entity is engaged in sovereign versus non-sovereign function." *See* https://www.ca9.uscourts.gov/media/video/?20240126/22-10058/, at 32:13–32:35. The government writes to clarify that there are, however, differences between the two. As Judge Collins observed, under the FSIA, "agencies or instrumentalities" are defined as part of the foreign State and presumed to enjoy sovereign immunity. Under the common law and Second Restatement, that presumption of sovereign immunity is not extended to agencies or instrumentalities; sovereign immunity extends only to "a corporation created under [the foreign state's] laws and exercising functions comparable to those of an agency of the state." *See id.* at 5:50–6:20. As the government noted, whether such an entity may claim sovereign immunity depends on whether it has engaged in sovereign activity at issue in a proceeding—here, the activity charged in the indictment.

Very truly yours,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Matthew M. Yelovich*
MATTHEW M. YELOVICH
Assistant United States Attorney
Deputy Chief, Criminal Division

CC: Robert P. Feldman, Esq., et al., Counsel for Pangang Group Co., Ltd., et al.