quinn emanuel trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5069**

WRITER'S EMAIL ADDRESS
**bobfeldman@quinnemanuel.com**

October 25, 2024

VIA CM/ECF

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the
 Ninth Circuit
95 7th Street
San Francisco, CA 94103

Re: *United States v. Pangang Grp. Co.*, No. 22-10058 (argued on Jan. 26, 2024, before Wardlaw, Collins & Bress, JJ.)

Dear Ms. Dwyer:

We represent Defendants-Appellants and respectfully write pursuant to Fed. R. App. P. 28(j) to respond to the government's October 24, 2024 letter regarding *United States v. Turkiye Halk Bankasi A.S., a/k/a Halkbank*, ___ F.4th ___, 2024 WL 4536795 (2d Cir. Oct. 22, 2024). There, the Second Circuit held that common-law foreign sovereign immunity does not protect Halkbank from prosecution for commercial activities. That decision does not support affirmance here.

*First*, *Halkbank* is unpersuasive, and the Court should not follow it. Rather, as Defendants have explained (Opening Br. 20-22, 30-53; Reply Br. 3-5, 7-21), at common law foreign instrumentalities have absolute immunity from criminal prosecution, without any exception for "commercial activity."

*Second*, *Halkbank* is inapplicable in any event because commercial activity is not the gravamen of the indictment here. The Second Circuit determined that Halkbank's alleged criminal conduct— including bank fraud and money laundering—constituted commercial activity because it was unconnected to an established aim or "public purpose" of the Turkish state. 2024 WL 4536795, at *12. The court emphasized that the indictment alleged Halkbank had acted "for the benefit of *Iran*"—not Turkey—and that the banking transactions at issue were "far more of the character of a private commercial act than a public or political act." *Id.* (emphasis added; internal quotation marks omitted). Here, in contrast, the gravamen of the indictment is economic espionage (*see* Opening Br. 53-57; Reply Br. 21-30)—which is a uniquely sovereign act, and something this Court

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

has held is *not* commercial activity, *see Broidy Capital Mgmt., LLC v. State of Qatar*, 982 F.3d 582, 594-95 (9th Cir. 2020).

*Third*, at the very least, *Halkbank* does not support affirmance as to Count II of the indictment, which fails to allege any possible commercial activity within the United States. *See* Opening Br. 53-57; Reply Br. 26-27; Arg. Recording at 19:00-21:30. *Halkbank* does not address that limitation.

Respectfully submitted,

*/s/ Robert P. Feldman*

Robert P. Feldman


cc: Counsel of record (via CM/ECF)